## OSINCUP *vs.* NICHOLS.

Although it is unnecessary to prove that the owner of a dog had notice that his dog was vicious, to render him liable for the *value* of any sheep or lamb *killed or wounded* by such dog, the rule is different in respect to any *other* injury such dog may have done to the sheep or lambs of another.

To entitle the owner of sheep or lambs to recover of the owner of a dog for any damage done by such dog to such sheep or lambs, aside from killing or wounding them, it is necessary for the plaintiff to prove that the defendant had notice, or knowledge, of the vicious propensity of his dog.

The owner of a dog is liable for the full value of each sheep or lamb *wounded* by his dog. To entitle the owner of the sheep or lambs to recover their value, it is not necessary for him to show that they died of their wounds.

Osincup *v.* Nichols.

On appeal to the county court from a judgment of a justice's court, the county court should disregard errors of the justice not affecting the merits, and give judgment according to the justice of the case.

THIS action was brought, before a justice of the peace, in July, 1865. The plaintiff complained that on or about the 28th day of May, 1865, the defendant's dog bit and worried, injured and damaged the plaintiff's sheep, causing the death of two, within two days ; and the plaintiff claimed $50 damage. The defendant denied the complaint. The action was tried by a jury, who rendered a verdict in favor of the plaintiff, for $13, for which the justice rendered judgment against the defendant, with costs. The Broome county court reversed the judgment, and gave judgment in favor of the defendant, for costs. The plaintiff appealed from the judgment of the county court, to this court.

*O. W. Chapman,* for the plaintiff.

*Wm. Bassett,* for the defendant.

*By the Court,* BALCOM, J. It was unnecessary for the plaintiff to prove that the defendant had notice or knowledge that his dog was vicious, to render him liable for *the value* of any sheep or lamb of the plaintiff that was *killed* or *wounded* by such dog. (1 *R. S.* 704, § 9.) But the rule is different in respect to any *other* injury the defendant's dog may have done to the plaintiff's sheep or lambs. It was necessary for the plaintiff to prove that the defendant had notice or knowledge of the vicious propensity of his dog, to entitle the plaintiff to recover of the defendant any damage his dog did to the plaintiff's sheep or lambs aside from killing or wounding them. (*Auchmuty* v. *Ham,* 1 *Denio,* 495.) There was no allegation in the complaint that the dog broke and entered the plaintiff's close and there did the injury to his sheep and lambs. The question therefore is not in the case whether if such an allegation had been in the complaint and

the proof had been that the dog did the mischief complained of, upon the plaintiff's land, a recovery could have been had for injuries the dog did to the plaintiff's sheep and lambs, by merely chasing and worrying them, without killing or wounding them. (*See Van Leuven* v. *Lyke*, 1 *Comst. 515.*)

The proof showed that the defendant's dog bit and wounded six of the plaintiff's sheep, and that two or three of them died. And it seems that the sheep that were wounded had six lambs. The plaintiff was a witness in his own behalf, and while testifying for himself he was asked, how much less the six lambs were worth at the time of the trial than they would have been if the mothers had not been injured by the dog ; which question was objected to, on the ground that it was improper, because it had nothing to do with the case, and the plaintiff could not give evidence as to consequential damages, in the action. The justice overruled the objection, and the defendant excepted. The plaintiff answered : "Four are worth less \$8." It is clear, as the case stood, that this question should have been rejected, and that the justice erred in permitting the plaintiff to answer it. But we are of the opinion the case is such that the county court ought not to have reversed the judgment for this error of the justice. The evidence was undisputed that the value of the six sheep that were either killed or wounded by the defendant's dog, exceeded the amount of the verdict of the jury. The plaintiff testified as to their value, as follows : "The one that the defendant thought not bitten was worth \$3. The one missing with black lamb, \$3. The one that died Wednesday, \$4. There were three more bitten that are worth less \$6." The plaintiff was corroborated upon this subject by the witness Batcher ; and no witness testified that the sheep were worth any less than the above sums, or gave any evidence that would authorize the jury to find the plaintiff's estimate of his damages was inaccurate. The defendant was liable for the full value of each sheep or lamb his dog *wounded.* It was unnecessary for the plaintiff

to show they died of their wounds, to entitle him to recover their value. The statute is : "The owner or possessor of any dog that shall kill *or wound* any sheep or lamb shall be liable for *the value* of such sheep or lamb to the owner thereof, without proving notice to the owner or possessor of such dog, or knowledge by him, that his dog was mischievous or disposed to kill sheep." (1 *R. S.* 704, § 9.) The aggregate value of the plaintiff's sheep, that were either killed or wounded by the defendant's dog, was at least $16, and he only recovered $13, damages. It is therefore clear that the defendant was not prejudiced in the least by erroneous evidence the justice permitted the plaintiff to give respecting the injury to the six lambs in consequence of their mothers being wounded by the dog. The error of the justice was one that did not affect the merits, and the county court should have disregarded it, and given judgment according to the justice of the case. (*Code,* § 366.)

For these reasons we are of the opinion the judgment of the county court should be reversed, and that of the justice affirmed, with costs.

So decided.

[Broome General Term, May 14, 1867. *Mason, Balcom* and *Boardman,* Justices.]